IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEC J. TOKAR, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Civil Action No. 20-1182 |
| KILOLO KIJAKAZI, ACTING COMMISIONER OF SOCIAL SECURITY,[1] | ) ) ) ) ) |
| Defendant. | ) ) |

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Alec J. Tokar ("Tokar") seeks judicial review of the Social Security Administration's denial of his claim for social security benefits. Tokar alleges a disability onset date of April 30, 2016. (R. 15). The ALJ denied his claim following a hearing at which both Tokar and a vocational expert ("VE") appeared and testified. Tokar then appealed. Before the Court are the parties' cross-motions for summary judgment. *See* ECF Docket Nos. 20 and 22. For the reasons below, the ALJ's decision is affirmed.

### Opinion

1. Standard of Review

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ms. Kijakazi should be substituted for the former Commissioner of Social Security, Andrew Saul, as the defendant in this action. No further action need be taken to continue this suit pursuant to section 205(g) of the Social Security Act. 42 U.S.C. 405(g).

1

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records on which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence.  Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson*, 402 U.S. at 390, 91 S. Ct. 1420. A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196-7, 67 S. Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the

evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

II. The ALJ's Decision

As stated above, the ALJ denied Tokar's claim for benefits. More specifically, the ALJ determined that Tokar had not yet attained age 22 as of the alleged onset date. (R. 18). At step one of the five step analysis, the ALJ found that Tokar had not engaged in substantial gainful activity since the alleged onset date. (R. 18). At step two, the ALJ concluded that Tokar suffers from the following severe impairments: depression; bipolar disorder; body dysmorphia; ADHD; PTSD; and marijuana dependence. (R. 18). At step three, the ALJ concluded that Tokar does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 18-20). Between steps three and four, the ALJ found that Tokar has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with certain nonexertional limitations. (R. 20-24). At step four, the ALJ found that Tokar had no past relevant work. (R. 24). At the fifth step of the analysis, the ALJ concluded that, considering Tokar's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. (R. 25-26). As such, the ALJ concluded that Tokar was not under a disability during the relevant period. (R. 26).

III. <u>Discussion</u>

Tokar faults the ALJ for failing to adequately account for his limitations regarding concentration, persistence, and pace, in contravention of our Circuit's opinion in *Hess v. Commissioner of Social Security*, 931 F.3d 198 (3d Cir. 2019). In *Hess*, the Court explained that functional limitation findings set forth in steps two and three of the disability analysis need only be "adequately conveyed" in the ALJ's statement of the claimant's limitation in the final analytical steps. They do not need to be recited verbatim. *Hess*, 931 F.3d at 210. Additionally, the Court confirmed that a limitation to "simple tasks" is "fundamentally the same as one 'to jobs requiring, understanding, remembering, and carrying out only simple instructions and making only simple work-related decisions[.]'" *Id.*, *citing, Davis v. Berryhill*, 743 Fed. Appx. 846, 850 (9th Cir. 2018) and *Richards v. Colvin*, 640 Fed. Appx. 786, 790 (10th Cir. 2016). Consequently, the Court held, provided the ALJ offers a "valid explanation," a limitation to "simple tasks" is permitted where the claimant has "moderate" difficulties in concentration, persistence, or pace. *Id.*, at 211. "A valid explanation for a 'simple tasks' limitation may be based upon a claimant's personal activities, professional activities, or medical record." *Dominguez v. Saul*, Civ. No. 18-613, 2019 WL 6682138, at * 7 (E.D. Pa. Dec. 6, 2019), *citing, Hess*, 931 F.3d at 211.

Having reviewed the record, I find first that the ALJ used more precise and detailed language than a limitation to "simple tasks." Finding that Tokar had moderate limitations in concentration, persistence, or pace, the ALJ limited him to "understanding, remembering, and carrying out simple, routine tasks such as those akin to work at the SVP 1 or SVP 2 levels." (R. 20). The ALJ further limited Tokar to work in a "low stress

environment, "which means no production rate pace work, but rather, goal-oriented work with no more than an occasional change in the work setting, but which does not require a change in the work method… ." (R. 20). Additionally, I find that the ALJ offered a valid explanation for his limitations. For example, the ALJ noted that mental status examinations "often documented intact attention and concentration." (R. 19, citing, Exs. 18 F, 21F, 22F). Additionally, the ALJ found that the record demonstrated Tokar was able to drive, read, write, and color. (R. 19, citing, Exs. 3E, 9F/3). The ALJ also found persuasive, Dr. Roberts' opinion, in relevant part, that, despite Tokar's moderate limitations in concentration, persistence, or pace, he could carry out short and simple instructions, sustain a routine without special supervision, complete tasks with or near others without being distracted by them, make simple decisions, and meet the basic mental demand to complete 1-2 step tasks on a sustained basis. (R. 22, citing. Ex. 1A). The ALJ also explained that he found the opinion proffered by Dr. Conte to be less persuasive as the limitations she espoused regarding concentration, persistence, or pace, because the limitations were inconsistent with his ability to attend some post-secondary classes, play piano, work on a part-time basis, and engage in a variety of physical activities such as biking and snowboarding. Further, the ALJ observed that Tokar's symptoms generally improved during periods of compliance with his medications. (R. 23).

      I find that the ALJ's detailed explanation was valid and sufficiently detailed. Further, it is supported by substantial evidence of record. There is no basis for remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEC J. TOKAR )<br>    Plaintiff, )<br>)<br>-vs- )<br>)<br>KILOLO KIJAKAZI, )<br>ACTING COMMISIONER OF SOCIAL )<br>SECURITY, )<br>)<br>    Defendant. ) | Civil Action No. 20-1182 |

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 16th day of December, it is hereby ORDERED that the Plaintiff's Motion for Summary Judgment (Docket No. 20) is DENIED and the Defendant's Motion for Summary Judgment (Docket No. 22) is GRANTED. It is further ORDERED that the ALJ's decision is AFFIRMED. This case shall be marked "Closed" forthwith.

BY THE COURT:

_Donetta F. Ambrose_
Donetta W. Ambrose
United States Senior District Judge